UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| The Estate of SETH MICHAEL ZAKORA, and BRANDY ZAKORA, in her capacity as the Personal Representative of the Estate of Seth Michael Zakora, | No. No. 1:19-cv-1016 |
| Plaintiffs, | HON. JANET T. NEFF |
| v | MAG. SALLY J. BERENS |
| TROY CHRISMAN, MATTHEW HUNTLEY, CHADWICK MOBLEY, STEVE JOHNSON, BONITA HOFFNER, STEVE RIVARD, HEIDI WASHINGTON, BRANDON OAKS, HEATHER LASS, RUSSELL RURKA, JAMES COLEMAN, JAMES WOLODKIN, and JANE DOE, | **MICHIGAN STATE POLICE DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE REPORT AND RECOMMENDAION** |
| Defendants. | |

Solomon M. Radner (P73653)
Madeline M. Sinkovich (P82846)
Attorney for Plaintiffs
Johnson Law, PLC
535 Griswold St Ste 2632
Buhl Building
Detroit, MI 48226
(313) 324-8300
sradner@venjohnsonlaw.com
msinkovich@venjohnsonlaw.com

James T. Farrell (P35400)
Assistant Attorney General
Attorney for MDOC Defendants
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
farrellj@michigan.gov

John G. Fedynsky (P65232)
Kyla L. Barranco (P81082)
Assistant Attorneys General
Attorneys for MSP Defendants
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
fedynskyj@michigan.gov
barrancok@michigan.gov

1

### MICHIGAN STATE POLICE DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE BEREN'S REPORT AND RECOMMENDATION (ECF NO. 53)

Pursuant to L.R. 72.3(a), Michigan State Police Defendants Brandon Oaks, Heather Lass, James Coleman, and James Wolodkin ("MSP Defendants"), through counsel, respond to Plaintiffs' objections (ECF No. 54) to Magistrate Sally J. Berens' Report and Recommendation (ECF No. 53).  MSP Defendants disagree with Plaintiffs' arguments that Judge Berens' well-reasoned Report and Recommendation should be reversed.

### RELEVANT FACTS

This case arises from the death of Seth Michael Zakora ("the decedent") on January 22, 2017.  (Am. Compl., PageID.33, ¶ 22.)  At the time of his death, he was in the custody of the Michigan Department of Corrections ("MDOC") at the Lakeland Correctional Facility in Coldwater, Michigan.  (*Id.*, ¶ 21.)  According to the First Amended Complaint, the decedent "died from a fentanyl overdose, but it was not determined whether . . . [he] intentionally took the[ ] drugs."  (*Id.*, ¶ 23.)

Plaintiffs allege that "at the time of . . . [the decedent's] death drugs were in abundance and being smuggled into Lakeland Correctional Facility."  (*Id.*, PageID.34, ¶ 27.)  The smuggling was allegedly "orchestrated" by "Defendant Jane Doe, a female corrections officer, and a prisoner with whom she was romantically involved."  (*Id.*)  In the two days leading up to the decedent's overdose, "two other inmates had overdosed on drugs."  (*Id.*, ¶ 28.)  All three of the inmates "resided in the same C-Unit at Lakeland Correctional Facility."  (*Id.*)

Plaintiffs allege that "drug smuggling is a significant problem inside the Michigan state prison system and in less than two years anti[-]overdose drugs have been used approximately 150 times." (*Id.*, PageID.39, ¶ 49.)  Allegedly, in the months preceding the death of decedent, MDOC "had notice that corrections officers were smuggling drugs into prisons, maintaining a dangerous drug ring, and retaliating against those who came forward[.]" (*Id.*, PageID.37, ¶ 42.)

The drug smuggling had allegedly been brought to the attention of Lakeland Correctional Inspectors by a prisoner "on more than one occasion prior to . . . [the decedent's] death," and this prisoner "provided information to the officers with details of how the drugs were coming in and who was providing them," including "information about the individuals supplying large amounts of drugs to . . . [the decedent]." (*Id.*, PageID.34–35, ¶¶ 29, 30.)  MDOC Defendants Troy Chrisman and Matthew Huntley allegedly knew about the drug smuggling, "but neither did anything to investigate or stop the drugs flowing into the facility." (*Id.*, PageID.35, ¶ 31.)  But they purportedly "told their supervisors, [MDOC] Defendants [Bonita] Hoffner and [Steve] Rivard, [who] either ignored and/or instructed them to ignore the information and/or not investigation the accusations." (*Id.*)

The amended complaint and objections allege limited facts with respect to the MSP Defendants.  Plaintiffs maintain that, *at another MDOC facility*, drug smuggling evidence disappeared from an evidence locker in 2017, and the locker "is believed to be a location where only MSP has access." (Objections, ECF No. 54, PageID.554.)  The amended complaint does not allege that the MSP Defendants at

3

issue in this case were involved with that evidence.  Plaintiffs also allege that a prisoner at Lakeland Correctional Facility told the MDOC Defendants that a " 'cop/officer' " was bringing drugs into the facility.  (*Id.*, PageID.556.)  The amended complaint does not allege that any of the MSP Defendants are that cop/officer.  Plaintiffs maintain, however, that MSP Defendant Lass knew about the smuggling but was unable to catch the perpetrator.  (*Id.*, PageID.557.)  Finally, Plaintiffs explain that, after the decedent's death, MSP investigated the overdose and brought drug dogs into the facility.  (*Id.*, PageID.558.)

Overall, Plaintiffs' amended complaint does not detail *how* the MSP Defendants knew of or participated in the alleged "drug smuggling ring."  Rather, it merely speculates and concludes that the MSP Defendants are culpable.  According to Plaintiffs, this is sufficient to maintain their claims.  The Magistrate disagreed and recommended dismissal of the MSP Defendants.

## STANDARD OF REVIEW

Only if a magistrate judge's decision is "clearly erroneous or contrary to law" may a district court judge modify or set aside any portion of the decision.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

# ARGUMENT

I. **There is no basis to reject the Magistrate's Report and Recommendation because the objections merely restate arguments, and the Report and Recommendation is legally sound.**

For the reasons discussed below, Plaintiffs offer no basis for rejection of the Magistrate's Report and Recommendation. Dismissal is warranted.

    A. **Plaintiffs' objections simply restate the allegations in the amended complaint and the arguments raised in response to MSP Defendants' dispositive motion.**

Plaintiffs' objections should be rejected because they merely reargue the same argument Magistrate Berens addressed and rejected in her Report and Recommendation. Objections that "do[ ] nothing more than state a disagreement with a magistrate's suggested resolution, simply summarize[ ] what has been presented before, [are] not 'objection[s]' " within the context of Fed. R. Civ. P. 72(a). *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.505, 509 (6th Cir. 1991)). Rather, a party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("The filing of objections . . . enables the district judge to focus attention on those issues . . . that are at the heart of the parties' dispute.").

With respect to Plaintiffs' Eighth Amendment claim against the MSP Defendants, Plaintiffs' first objection states that:

> - MSP Defendant Lass knew drugs were being smuggled into the facility, and the fact that she, along with MDOC Defendant Rurka, "informed Ms. Zakora demonstrates the widespread knowledge of rampant drug smuggling in the facility." (ECF No. 54, PageID.576.)
>
> -MSP Defendants "knew and or participating in the drug smuggling and knew of the risk and harm associated with dangerous illegal drugs." (*Id.*)
>
> -MSP Defendants "ignored their knowledge and did not do anything to curb the introduction, spread, and usage of dangerous drugs in prison[.]" (*Id.*)

Accordingly, Plaintiffs assert that their allegations "demonstrate knowledge and involvement of the drugs smuggling[.]" (*Id.*)

But the problem with this objection is that it mirrors the arguments made in response to the MSP Defendants' motion to dismiss and restates allegations made in the amended complaint. (ECF No. 42, PageID.385–86.) Given the limited and duplicative nature of the objections, there is no basis—either legal or factual—for rejection of Magistrate Berens' Report and Recommendation.

### B. Even if Plaintiffs did file proper objections, there is no legal basis to reject the Magistrate's Report and Recommendation.

An alternative basis exists for accepting the Magistrate's Report and Recommendation: she got it right—under both Fed. R. Civ. P. 12(b)(6) and 56, dismissal of the MSP Defendants is warranted.

First, as the Magistrate aptly recognized, "[w]ith the except of the allegation that Defendant Lass told [the decedent's] mother about the basketballs, which

occurred after the death, there is no factual allegation that specifically mentions what any MSP Defendant did that amounts to an Eighth Amendment violation." (ECF No. 53, p. 9.[1]) Indeed, as it relates to MSP Defendants Oak, Coleman, and Wolodkin's involvement in the smuggling operation, all Plaintiffs can point to is a hearsay statement by a known drug smuggling prisoner he had been told by someone else that "a 'cop/officer' [was] the person bringing suboxone and heroin into the facility." (ECF No. 37-4, PageID.316–17.) This statement does not identify who supplied him with this information, who the alleged "cop/officer" was, or how he or she was bringing the drugs into the facility. And it certainly does not identify Defendants Oaks, Lass, Wolodkin, or Coleman as that officer. Moreover, this information came to light *after* the decedent died of the drug overdose at issue. Accordingly, to the extent the MSP Defendants in this case had knowledge that a "cop/officer" was bringing drugs into the facility, it was after the drug overdose occurred. That does not amount to a constitutional violation.

Second, the allegation against MSP Defendant Lass fares no better. According to Plaintiffs, MSP Defendant Lass "knew that 'drugs were being smuggled into the prison inside basketballs that were thrown over the fence, but [she] could not catch the perpetrator.'" (ECF No. 54, PageID.576, citing ECF No. 3, PageID.36.) Even if this is true, it does not reasonably lead to the conclusion that any of the MSP Defendants failed to protect or created a danger to the decedent. To

---

[1] The PageID numbers are not included on the Magistrate's Report and Recommendation due to an apparent error in the system. Therefore, MSP Defendants will reference the number at the bottom of each page.

the contrary, Plaintiffs' own allegations suggest that the MSP investigated the purported "basketballs of drugs" but that it had not been able to determine who was responsible. (ECF No. 3, PageID.36.) While Plaintiffs undoubtedly wish that the perpetrators of drug smuggling had been caught, failure to catch them does not amount to deliberate indifference in violation of the Eighth Amendment or an affirmative act sufficient to state a claim under the Fourteenth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833– (1994) (explaining that deliberate indifference requires "more than mere negligence" and instead is akin to "subjective recklessness as used in the criminal law"); *Nelson v. City of Madison Heights*, 845 F.3d 695, 700 (6th Cir. 2017) (holding that a claim under the state created danger theory requires a showing of "an affirmative act"). Nor does it reasonably lead to the conclusion that the MSP Defendants were the ones smuggling the drugs. These conclusory and speculative allegations were properly rejected by the Magistrate.

Third, none of Plaintiffs' conclusory and speculative allegations are entitled to discovery. It is well understood that a party "seeking discovery before the court considers the opposing party's motion for summary judgment bears the burden of demonstrating why such discovery is necessary." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004). And "mere recitations of conclusory allegations are insufficient." *Id.* For example, in *Summers*, the Sixth Circuit held that the plaintiff's burden was not satisfied where the plaintiff "merely recites the same conclusory allegation[s] contained in the complaint." *Id.*

8

That is precisely what Plaintiffs' counsel did here.  Counsel filed a declaration under Fed. R. Civ. P 56(d), but it was no more specific than the one *Summers*:  Plaintiffs' counsel declared, for example, that, "if given a chance to conduct discovery, . . . I have a good faith basis to believe that I will be able to establish the facts alleged in the Complaint." (ECF No. 42-3, PageID.440.) Plaintiffs' counsel did not specify any actual discoverable evidence that they hoped to obtain with discovery.  This, combined with the conclusory, speculative, and limited allegations against the MSP Defendants, provides no basis to reject the Magistrate's Report and Recommendation.

## CONCLUSION AND RELIEF REQUESTED

The Magistrate's order was well-reasoned, and Plaintiffs fail to identify how any of its conclusions were made in clear error or contrary to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  Thus, this Court should accept the Magistrate's recommended disposition and dismiss the MSP Defendants from this case.

Respectfully submitted,

Dana Nessel
Attorney General

*/s/ Kyla L. Barranco*
Kyla L. Barranco
Assistant Attorney General
Attorney for MSP Defendants
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
Barrancok@michigan.gov

Dated:  August 20, 2021                                                                      P81082

9

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on August 20, 2021, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/ Kyla L. Barranco*
Kyla L. Barranco
Assistant Attorney General
Attorney for MSP Defendants
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
Barrancok@michigan.gov
P81082

2020-0303683-A