UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

The Estate of SETH MICHAEL ZAKORA,
and BRANDY ZAKORA, in her capacity
as the Personal Representative of the Estate
of Seth Michael Zakora,

    Plaintiffs,

v

TROY CHRISMAN, MATTHEW HUNTLEY,
CHADWICK MOBLEY, STEVE JOHNSON,
BONITA HOFFNER, STEVE REVARD, HEIDI
WASHINGTON, BRANDON OAKS, HEATHER
LASS, RUSSELL RURKA, JAMES COLEMAN,
JAMES WOLODKIN, JANE DOE

    Defendants.

Case No. 1:19-cv-1016

Honorable Janet T. Neff

---

Solomon M. Radner (P73653)
Madeline M. Sinkovich (P82846)
Attorneys for Plaintiff
26700 Lahser Road, Suite 401
Southfield, MI 48033
(866) 939-2656
sradner@excololaw.com

John G. Fedynksy (P65232)
Kyla L. Barranco (P81082)
Michigan Dept. of Attorney General
Attorneys for Defendant Oaks
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
fedynskyj@michigan.gov
barrancok@michigan.gov

James T. Farrell (P35400)
Michigan Dept. of Attorney General
Attorneys for Defendant Chadwick Mobley
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 355-3055
farrellj@michigan.gov

---

**THE MDOC DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff has filed a 34-page "objection" (ECF 54) to the Magistrate Judge's 25-page Report and Recommendation (ECF 53), which recommends granting the MDOC Defendants' motion to dismiss and for summary judgment. What plaintiff has filed are not proper objections under Fed. R. Civ. P. 72(b)(2), but, instead, a procedurally improper rehash of the arguments made in her 25-page response to the MDOC Defendants' motion and a general objection to the entirety of the MJRR.

Plaintiff's objections simply reargue her arguments in her response to the motion and fail to specify the alleged errors in the Magistrate's R&R. Plaintiff recounts in detail the facts surrounding Seth Zakora's incarceration and death by voluntary drug overdose. Plaintiff unnecessarily repeats the motion review standards. Plaintiff also spends a dozen or more pages restating boilerplate Rule 12(b)(6) and Eighth Amendment case law that were fully briefed in plaintiff's response to the motion. Plaintiff then repeats and reargues that her complaint alleges viable Eighth Amendment claims against each of the MDOC Defendants for failing to protect Seth Zakora from his voluntary drug overdose and of being deliberately indifferent to Seth Zakora's medical needs after he ingested the drugs. Her objections essentially repeat the arguments that were considered and rejected by the Magistrate Judge. To adequately respond to these objections would require the defendants to reargue their entire motion.

As explained in the MJRR, plaintiff has failed to allege sufficient facts showing personal involvement of the supervisory personnel who have been sued. In addition, plaintiff has not raised a genuine issue of material fact as to whether

Johnson and Mobley could have been deliberately indifferent in failing to render aid to Seth Zakora after he voluntarily ingested an overdose of drugs. Plaintiff does not explain how her recitation of what happened, the motion standards, the case law, and her restatement of previously asserted arguments affects the Magistrate Judge's legal findings. Zakora's objections to these conclusions are not specific, but general in nature, and, thus, do not sufficiently inform the defendants or this Court of how the Magistrate Judge might have erred.

An objection to a Report and Recommendation is not meant to simply be a vehicle to rehash arguments set forth in the parties' motion or response to a motion, and the Court is under no obligation to review *de novo* objections that are merely an attempt to have the district court reexamine the same arguments set forth in the briefs. *Roberts v. Warden, Toledo Correctional Institution*, 2010 U.S. Dist. LEXIS 70683, at *22 (S.D. Ohio Jul. 14, 2010); *see Sackall v. Heckler*, 104 F.R.D. 401, 402 (D.R.I. 1984) ("These rules serve a clear and sensible purpose: if the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate[.]")

Moreover, plaintiff has filed the equivalent to a general objection to the entirety of the Magistrate's Report. The Sixth Circuit has concluded that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (abrogated on other grounds *by Jones v. Bock*, 549 U.S. 199 (2007)). "The objections must be clear enough to enable the district court

to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). An objection is too general if it merely restates the arguments previously presented or disputes the recommendation without specifying the findings the party believes to be in error. *Id*. *See also VanDiver v. Martin*, 304 F.Supp.2d 934 (E.D. Mich. 2004). Where a party fails to make specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks." *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir. 1991). "[F]ailure to file specific objections to a magistrate's report constitutes waiver of those objections," and the Court is not required to conduct a de novo review of the issues addressed by the magistrate. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

Because plaintiff has filed a recitation of her previous arguments and asserted general objections to the entirety of the Magistrate Judge's Report, the Court should reject plaintiff's objections as procedurally improper. Further, the Court should agree with the Magistrate Judge's well-reasoned recommendations, adopt the R&R as the opinion of the Court, and dismiss plaintiff's case with prejudice.

Respectfully submitted,

Dana Nessel
Attorney General

*/s/ James T. Farrell*
James T. Farrell (P35400)
Assistant Attorney General
Michigan Dept. of Attorney General
MDOC Division

4

|  |  |
|---|---|
| Date: August 20, 2021 | P.O. Box 30217<br>Lansing, MI 48909<br>(517) 335-3055<br>farrellj@michigan.gov |

## CERTIFICATE OF SERVICE

    I hereby certify that on **August 20, 2021**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such. I also mailed the foregoing paper via US Mail to all non-ECF participants.

                                                  */s/Terri J. Davis*
                                                  Terri J. Davis, Legal Secretary
                                                  Michigan Det. Of Attorney General
                                                  MDOC Division