UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE ESTATE OF SETH MICHAEL
ZAKORA, et al.,

    Plaintiffs,

v.

TROY CHRISMAN, et al.,

    Defendants.
_____/

Case No. 1:19-cv-1016

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiffs initiated this action pursuant to 42 U.S.C. § 1983 against employees of the Michigan Department of Corrections (MDOC) (Defendants Chrisman, Huntley, Mobley, Johnson, Doe, Hoffner, Rurka, Rivard, and Washington) (collectively "the MDOC Defendants") and the Michigan State Police (MSP) Department (Defendants Oaks, Lass, Wolodkin and Coleman) (collectively "the MSP Defendants"). The MDOC and MSP Defendants filed motions to dismiss or for summary judgment (ECF Nos. 33, 36 & 39), and Plaintiffs moved for leave to file a second amended complaint (ECF No. 47). The matter was referred to the Magistrate Judge, who denied Plaintiffs' motion and recommended that this Court grant Defendants' motions (ECF No. 53). Plaintiffs have since filed a document titled "Objection to Magistrate Beren's Report and Recommendation" (ECF No. 54), which the Court has construed as not only objections to the Report and Recommendation (R&R), *see* W.D. Mich. LCivR 72.3(b) (Review of case dispositive motions), but also an appeal from the Magistrate Judge's Order denying their motion for leave to file a second amended complaint, *see* W.D. Mich. LCivR 72.3(a) (Appeal of nondispositive

matters). Defendants filed their respective responses to Plaintiffs' submission (ECF Nos. 55 & 57). For the following reasons, the Court denies the objections, denies the appeal, and issues this Opinion and Order.

## I. OBJECTIONS TO REPORT AND RECOMMENDATION

### A. Standard of Review

28 U.S.C. § 636 governs the jurisdiction and powers of magistrate judges. *See also* FED. R. CIV. P. 72; W.D. Mich. LCivR 72.1. Magistrate judges generally have authority to enter orders regarding non-dispositive pre-trial motions, *see* 28 U.S.C. § 636(b)(1)(A), but they must submit report and recommendations on case-dispositive matters, *see* § 636(b)(1)(B). The statute further provides that within fourteen days after being served with a copy of a magistrate judge's report and recommendations on a case-dispositive matter, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). An objecting party is required to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b).

The court's task is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." W.D. Mich. LCivR 72.3(b). However, district courts need not provide de novo review of frivolous, general, or conclusive objections. *Weiler v. U.S. Dep't of Treasury-Internal Revenue Serv.*, No. 19-3729, 2020 WL 2528916, at *1 (6th Cir. Apr. 24, 2020) (Order); *Bell v. Huling*, 52 F.3d 324, at *1 (6th Cir. 1995); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

**B.     Analysis**

The Magistrate Judge determined that the MSP Defendants are entitled to dismissal because Plaintiffs failed to state any plausible constitutional violation by the MSP Defendants (R&R, ECF No. 53 at PageID.530), or alternatively, because "Plaintiffs have not even minimally demonstrated that discovery would enable them to defeat summary judgment" (*id.* at PageID.533).

The Magistrate Judge determined that the MDOC Defendants are likewise entitled to dismissal because Plaintiffs fail to state any plausible constitutional violations by the MDOC Defendants (ECF No. 53 at PageID.536, 539), or alternatively, because "Plaintiffs have failed to meet their burden under Rule 56(d)" (*id.* at PageID.541).

Plaintiffs pose two objections to the Magistrate Judge's analysis.  First, Plaintiffs argue that the Magistrate Judge "erred in determining that Plaintiff[s] failed to state a claim under the Eighth Amendment against Defendants where Plaintiff[s]' well-pled complaint includes sufficient facts that show constitutional violations by Defendants" (ECF No. 54 at PageID. 561).  According to Plaintiffs, the Magistrate Judge "fail[ed] to consider the large majority of the allegations contained in the complaint" (*id.* at PageID.586), specifically, "Plaintiff[s]' well-pled allegations against the Defendants regarding their knowledge of drug smuggling in the MDOC" (*id.* at PageID.565).  Second, Plaintiffs argue that the Magistrate Judge "erred in granting summary judgment to the MSP Defendants and MDOC Defendant Mobley Johnson where Plaintiff[s] ha[ve] not had the opportunity to conduct discovery on their well[-]pled claims" (*id.* at PageID.577).

Plaintiffs' objections do not warrant rejection of the Report and Recommendation.  As Defendants point out in their respective responses (ECF Nos. 55 & 57), Plaintiffs' objections merely reiterate the arguments they presented to the Magistrate Judge.  Further, Plaintiffs' objections do not identify any error in the Magistrate Judge's analysis or her ultimate conclusion

that Defendants are entitled to dismissal under either Rule 12(b)(6) or Rule 56 of the Federal Rules of Civil Procedure. As the Magistrate Judge pointed out, Plaintiffs' allegations about drug smuggling do not state any plausible constitutional violation; rather, the allegations, at most, show that "law enforcement officers were aware of a mode of smuggling but were unable to catch the perpetrator" (ECF No. 53 at PageID.531). The Magistrate Judge also properly concluded that "Plaintiffs have not even minimally demonstrated that discovery would enable them to defeat summary judgment" (*id.* at PageID.532-533). Consequently, the Court will deny the objections and approve and adopt the Report and Recommendation as the Opinion of the Court.

## II. APPEAL TO DISTRICT COURT

### A. Standard of Review

"When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." FED. R. CIV. P. 72(a) (Nondispositive Matters). "A party may serve and file objections to the order within 14 days after being served with a copy." *Id. See also* W.D. Mich. LCivR 72.3(a) (Appeal of nondispositive matters).

This Court will reverse an order of a magistrate judge only where it is shown that the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); W.D. Mich. LCivR 72.3(a). A factual finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). And "[a]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant

statutes, case law, or rules of procedure.'" *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citation omitted).

**B.     Analysis**

After dispositive motion briefing was complete, Plaintiffs filed their motion for leave to file a second amended complaint that would identify MDOC Defendant Jane Doe and add two new MDOC Defendants, whom Plaintiffs allege were also engaged in smuggling drugs (ECF No. 47). In denying Plaintiffs' motion, the Magistrate Judge first determined that the proposed amendment "adds nothing of substance to alter the recommendations" to grant Defendants' dispositive motions, rendering Plaintiffs' proposed claims against the three defendants "futile" for the reasons the Magistrate Judge previously set forth (ECF No. 53 at PageID.542-543). Additionally, the Magistrate Judge pointed out that the claims against the two new parties would be time-barred inasmuch as claims against new parties create a new cause of action that do not relate back to an original filing for purposes of the now-expired limitations period (*id.* at PageID.543-544). Last, with regard to MDOC Defendant Jane Doe, the Magistrate Judge pointed out that Plaintiffs had not even addressed, let alone satisfied, the requirement of Federal Rule of Civil Procedure 15(c)(1)(C)(*ii*) to show "a mistake concerning the proper party's identity" (*id.* at PageID.544-546).

In their appeal, Plaintiffs address only the second basis for the Magistrate Judge's decision. Plaintiffs argue that the Magistrate Judge erred in "finding that Plaintiff[s]' claims against the drug smuggling officers do not relate back under FRCP 15(c)" (ECF No. 54 at PageID.580). Plaintiffs reiterate the argument they presented to the Magistrate Judge that the Sixth Circuit's decision in *Berndt v. Tennessee*, 796 F.3d 879 (6th Cir. 1986), "supports relation back in this case for all the drug smuggling officers defendants" (*id.* at PageID.581-582). The Magistrate Judge rejected

5

Plaintiffs' reliance on *Berndt,* thoroughly explaining that under more recent precedent, a plaintiff's initial lack of knowledge as to a defendant's identity does not constitute a "mistake" under Rule 15(c)(1)(C)(*ii*) (ECF No. 53 at PageID.545-546). Even assuming arguendo that Plaintiffs' continued reliance on *Berndt* has merit, Plaintiffs wholly fail to address the Magistrate Judge's threshold determination that the proposed amendment would be futile. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Therefore, Plaintiffs have not demonstrated that the Magistrate Judge abused her discretion in denying their motion, and their appeal from her decision is properly denied.

Accordingly:

**IT IS HEREBY ORDERED** that Plaintiffs' objections (ECF No. 54) are DENIED, and the Report and Recommendation of the Magistrate Judge (ECF No. 53) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motions for Summary Judgment (ECF Nos. 33, 36 & 39) are GRANTED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiffs' appeal (ECF No. 54) from the Magistrate Judge's Order denying their motion for leave to file a second amended complaint (ECF No. 53) is DENIED.

Because this Opinion and Order resolves all pending claims in this case, a Judgment will also be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Dated:  September 10, 2021                         /s/ Janet T. Neff
                                                   JANET T. NEFF
                                                   United States District Judge