UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

The Estate of SETH MICHAEL ZAKORA,
and BRANDY ZAKORA, in her capacity
as the Personal Representative of the Estate
of Seth Michael Zakora,

        Plaintiffs,                                     Hon. Janet T. Neff

v.                                                       Case No. 1:19-cv-1016

TROY CHRISMAN, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Presently before me is Michigan Department of Corrections (MDOC) Defendants Troy Chrisman, Matthew Huntley, Bonita Hoffner, Steve Rivard, and Russell Rurka's Motion for Judgment on the Pleadings (ECF No. 93) raising qualified immunity. The motion is fully briefed and ready for decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendants' motion be **DENIED**.

### I. Background

This is an action pursuant to 42 U.S.C. § 1983 by the estate and personal representative of Seth Michael Zakora, who died in the custody of the MDOC at the Lakeland Correctional Facility as a result of a fentanyl overdose. The only remaining claims are: (1) Plaintiffs' Eighth Amendment claim that the MDOC Defendants failed to protect Zakora from illegal drugs entering the prison by failing to promptly investigate after two other inmates in Zakora's unit were hospitalized from overdoses in the two days prior to Zakora's death; and (2) the related supervisory liability claim against Defendants Hoffner and Rivard.

Because the parties are familiar with the pertinent facts, which have previously been set forth in my July 23, 2021 Report and Recommendation (ECF No. 53) and the Sixth Circuit's August 10, 2022 published opinion (ECF No. 63), they need not be repeated here. However, I recount the procedural history from a prior order:

> Plaintiffs filed their complaint in this case on December 3, 2019, alleging claims under 42 U.S.C. § 1983 arising out of the drug-overdose death of Seth Zakora on January 22, 2017. Zakora was a prisoner with the MDOC at the time of his death. On February 5, 2021, the MDOC Defendants filed a motion to dismiss and/or for summary judgment, in which they argued, among other things, that they were entitled to qualified immunity as to Plaintiffs' Eighth Amendment claims. (ECF Nos. 36 and 37.) On September 10, 2021, the Court entered an Opinion and Order overruling Plaintiffs' objections to the July 23, 2021 Report and Recommendation recommending that the motion be granted, and entered judgment for Defendants. (ECF Nos. 59 and 60.) Plaintiffs appealed the judgment to the Sixth Circuit. On August 10, 2022, the Sixth Circuit issued an opinion affirming the judgment in part, reversing it in part, and remanding the case for further proceedings. *Zakora v. Chrisman*, 44 F.4th 452 (6th Cir. 2022). With regard to qualified immunity, the panel majority concluded that the MDOC Defendants forfeited the argument on appeal because they failed to raise the "clearly established" prong of qualified immunity as an issue in their appellate brief. Thus, the majority limited its analysis to whether Plaintiffs had alleged a constitutional violation. *Id.* at 465–67. They concluded that, with the exception of Defendant Director Washington, Plaintiffs had stated valid Eighth amendment failure-to-protect claims.

(ECF No. 81 at PageID.764–65.)

## II. Discussion

In their motion, Defendants ask the Court to address the clearly established prong of the qualified immunity analysis under Rule 12(b)(6) standards. *See Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008) (stating that in deciding a motion under Rule 12(c), a court applies the same standard applicable to motions under Rule 12(b)(6)). Defendants suggest that the Sixth Circuit remanded the case to this Court for consideration of the clearly established prong of the qualified immunity analysis.

I read the majority opinion more narrowly. It is true that the Sixth Circuit said that the district court should address the clearly established prong in the first instance. As the following

excerpt shows, however, the Court explained that the issue should be considered on a developed record after discovery:

> Second, the resolution of the Estate's response to the defendant's qualified-immunity defense turns on facts that the parties have not yet developed. The Estate argues that this is the rare, "obvious case where the unlawfulness of the officer's conduct is sufficiently clear." *Wesby*, 138 S. Ct. at 590 (citation and internal quotation marks omitted). In the Estate's view, no reasonable official could have concluded that failing to investigate the drug smuggling at Lakeland, despite the documented risk of harm, was constitutional. But the district court did not reach the "obviousness" issue because, once it decided that the Estate had not shown that a constitutional violation had occurred, there was no need for the court to address the second prong of the qualified-immunity defense.
>
> For us to opine on this issue now would thus violate "the general rule that a federal appellate court does not consider an issue not passed upon below." *Haywood v. Hough*, 811 F. Appx 952, 962 (6th Cir. 2020) (quotation omitted); *see also Coble v. City of White House*, 634 F.3d 865, 871 (6th Cir. 2011) ("In light of its conclusion that Coble failed to show the violation of a constitutional right, the district court did not consider the second prong of the qualified immunity analysis. We leave consideration of whether the right was clearly established for determination by the district court in the first instance.").
>
> We of course have discretion to deviate from the general rule in "exceptional cases" or to avoid "a plain miscarriage of justice." *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1461 (6th Cir. 1988) (quoting *Hormel v. Helvering*, 312 U.S. 552, 557, 558, 61 S. Ct. 719, 85 L. Ed. 1037 (1941)). For example, in some cases on appeal from a summary-judgment decision, we have exercised our discretion to examine on our own whether the law was clearly established. *See, e.g., Gossman v. Allen*, 950 F.2d 338, 342 (6th Cir. 1991). That is a logical decision when the facts are fully developed below and the question at the heart of the qualified-immunity analysis is a "purely legal" one. *Id.*
>
> But we see no similar reason to exercise our discretion here. To the contrary, any consideration of the "obviousness" argument at the motion-to-dismiss stage, where there has been virtually no factual development as to the MDOC Defendants' actions or inactions, would contravene the reasoning behind this court's stated preference for deciding a defendant's entitlement to qualified immunity at summary judgment as opposed to under Rule 12(b)(6). *See Guertin v. State*, 912 F.3d 907, 917 (6th Cir. 2019) ("The reasoning for our general preference is *467 straightforward: '"Absent any factual development beyond the allegations in a complaint, a court cannot fairly tell whether a case is 'obvious[.]'"'" (quoting *Evans-Marshall v. Bd. of Educ. of Tipp City Exempted Vill. Sch. Dist.*, 428 F.3d 223, 235 (6th Cir. 2005) (Sutton, J., concurring))).

> Our dissenting colleague describes our refusal to address the "clearly established" prong as a "deus ex machina" (whatever that means), arguing that we are improperly saving the Estate's claim from defeat. Dissent at 486–87. But our decision is not based on some obscure technicality. The Estate makes serious allegations of misconduct within Lakeland. Consider, for example, the Estate's allegations that top prison officials instructed their subordinates not to investigate known drug smuggling at Lakeland and that other officials were themselves involved in supplying the lethal drugs to Zakora. Accepting these allegations as true, as we must at this stage in the proceedings, the Estate has at least a colorable argument that "the unlawfulness of the [officials'] conduct is sufficiently clear even though existing precedent does not address similar circumstances." *See Wesby*, 138 S. Ct. at 590 (citation omitted).
>
> This issue, however, was not addressed by the district court nor adequately briefed on appeal, so consideration by us in the first instance would be inappropriate. *See Hart v. Hillsdale County*, 973 F.3d 627, 645 (6th Cir. 2020) ("Without the benefit of an initial determination by the district court or any developed argument on appeal, we are unable to decide in the first instance whether Hart received the process he was due or whether his right to that process was clearly established."). And because there has been no factual development regarding these disturbing allegations, this issue is best left to the district court to address in the first instance at the summary-judgment stage. *See Watkins*, 986 F.3d at 668 ("In sum, Healy has forfeited the issue of qualified immunity at this stage of the proceedings. Should Healy raise qualified immunity in a motion for summary judgment, ... that would be the more appropriate time for this court to address that issue."); *see also Henry v. Hulett*, 969 F.3d 769, 786 (7th Cir. 2020) (en banc) ("Defendants may still assert the [qualified-immunity] defense in later proceedings on remand, even though they did not properly preserve it in the district court for purposes of this appeal.").

44 F.4th 452, 466–67 (6th Cir. 2022). Judge Sutton took a different view, and he argued to the contrary in a strong dissent. *Id.* at 483–89.) But it is the majority opinion that is binding on this Court.

At times, the majority opinion can be read to suggest that it was open to this Court simply resuming where it left off and considering the clearly established issue under the Rule 12(b)(6) standard. Defendants thus had an arguable basis for the instant motion. But the whole of the discussion clearly demonstrates that the court concluded that Plaintiffs should be permitted to conduct discovery and that the issue should be teed up on summary judgment with a developed record. *Id.* at 467 (stating that "this issue is best left to he district court to address in the first

4

instance *at the summary judgment stage*" (italics added)). Therefore, in my view, in light of the above-quoted discussion, ruling on the issue without a developed record would be a fool's errand. Thus, discovery should resume in preparation for summary judgment under Rule 56(a).

### III. Conclusion

For the foregoing reasons, I recommend that Defendants' motion for judgment on the pleadings (ECF No. 93) be **denied**.

Dated: December 11, 2023                              /s/ Sally J. Berens
                                                      SALLY J. BERENS
                                                      U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).